1  John Makin (State Bar No. 88853)
   Jmakin@gpsllp.com
2  Nelson Hsieh (State Bar No. 177128)
   Nhsieh@gpsllp.com
3  Chip Cox (State Bar No. 159681)
   Chipc@gpsllp.com
4  GREENAN, PEFFER, SALLANDER & LALLY, LLP
   2000 Crow Canyon Place, Suite 380
5  San Ramon, California 94583
   Tel:  (925) 866-1000
6  FAX: (925) 830-8787

7  Attorneys for Defendant
   Atlantic Specialty Insurance Company
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  SALEM MEDIA GROUP, INC.,              Case No.:   2:24-cv-04486-JLS-SSCx

13                     Plaintiff,         **STIPULATION AND [~~PROPOSED~~]
                                          PROTECTIVE ORDER**
14        v.

15  ATLANTIC SPECIALTY INSURANCE
    COMPANY,
16
                       Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

Greenan,
Peffer,
Sallander &
Lally LLP

STIPULATION AND                          Case No.:   2:24-cv-04486-JLS-SSCx
[~~PROPOSED~~] PROTECTIVE ORDER

## I.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II.   GOOD CAUSE STATEMENT

This action is likely to involve personal information protected under California Law and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, information provided to Atlantic Specialty Insurance Company protected by statute under California law, confidential business or financial information, information regarding confidential business practices, or other commercial information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the

Greenan,
Peffer,
Sallander &
Lally LLP

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER

Case No.: 2:24-cv-04486 DDP (SSC)

1  intent of the parties that information will not be designated as confidential for

2  tactical reasons and that nothing be so designated without a good faith belief that it

3  has been maintained in a confidential, non-public manner, and there is good cause

4  why it should not be part of the public record of this case.

5  **III.    ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE**

6         The parties further acknowledge, as set forth in Section 14.3, below, that this

7  Stipulated Protective Order does not entitle them to file confidential information

8  under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

9  and the standards that will be applied when a party seeks permission from the court

10  to file material under seal. There is a strong presumption that the public has a right

11  of access to judicial proceedings and records in civil cases. In connection with non-

12  dispositive motions, good cause must be shown to support a filing under seal. See

13  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006),

14  Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-

15  Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even

16  stipulated protective orders require good cause showing), and a specific showing of

17  good cause or compelling reasons with proper evidentiary support and legal

18  justification, must be made with respect to Protected Material that a party seeks to

19  file under seal. The parties' mere designation of Disclosure or Discovery Material

20  as CONFIDENTIAL does not— without the submission of competent evidence by

21  declaration, establishing that the material sought to be filed under seal qualifies as

22  confidential, privileged, or otherwise protectable—constitute good cause.

23         Further, if a party requests sealing related to a dispositive motion or trial,

24  then compelling reasons, not only good cause, for the sealing must be shown, and

25  the relief sought shall be narrowly tailored to serve the specific interest to be

26  protected. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir.

27  2010). For each item or type of information, document, or thing sought to be filed

28

Greenan,
Peffer,
Sallander &
Lally LLP

STIPULATION AND                                    Case No.: 2:24-cv-04486 DDP (SSC)
[~~PROPOSED~~] PROTECTIVE ORDER

1 || or introduced under seal, the party seeking protection must articulate compelling

2 || reasons, supported by specific facts and legal justification, for the requested sealing

3 || order. Again, competent evidence supporting the application to file documents

4 || under seal must be provided by declaration.

5 ||     Any document that is not confidential, privileged, or otherwise protectable

6 || in its entirety will not be filed under seal if the confidential portions can be

7 || redacted. If documents can be redacted, then a redacted version for public viewing,

8 || omitting only the confidential, privileged, or otherwise protectable portions of the

9 || document, shall be filed. Any application that seeks to file documents under seal in

10 || their entirety should include an explanation of why redaction is not feasible.

11 || **IV.    DEFINITIONS**

12 ||     4.1    Action: *Salem Media Group, Inc. v. Atlantic Specialty Ins. Co.*,

13 || U.S.D.C. (C.D. Cal.) Case No. 2:24-cv-04486-JLS-SSCx.

14 ||     4.2    Challenging Party: a Party or Non-Party that challenges the

15 || designation of information or items under this Order.

16 ||     4.3    "CONFIDENTIAL" Information or Items: information (regardless of

17 || how it is generated, stored or maintained) or tangible things that qualify for

18 || protection under Federal Rule of Civil Procedure 26(c), and as specified above in

19 || the Good Cause Statement.

20 ||     4.4    Counsel: Outside Counsel of Record and House Counsel (as well as

21 || their support staff).

22 ||     4.5    Designating Party: a Party or Non-Party that designates information or

23 || items that it produces in disclosures or in responses to discovery as

24 || "CONFIDENTIAL."

25 ||     4.6    Disclosure or Discovery Material: all items or information, regardless

26 || of the medium or manner in which it is generated, stored, or maintained (including,

27

28

Greenan,
Peffer,
Sallander &
Lally LLP

STIPULATION AND
[~~PROPOSED~~] PROTECTIVE ORDER

Case No.: 2:24-cv-04486 DDP (SSC)

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9     Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

Greenan,
Peffer,
Sallander &
Lally LLP

5

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER

Case No.: 2:24-cv-04486 DDP (SSC)

## V.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

## VI.    DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial for those documents, items or information introduced at trial as an Exhibit or by testimony.

## VII.   DESIGNATING PROTECTED MATERIAL

### 7.1 Exercise of Restraint and Care in Designating Material for Protection

Once a case proceeds to trial, information that was designated as Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies

Greenan,
Peffer,
Sallander &
Lally LLP

6

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER

Case No.: 2:24-cv-04486 DDP (SSC)

1    under the appropriate standards.  The Designating Party must designate for

2    protection only those parts of material, documents, items or oral or written

3    communications that qualify so that other portions of the material, documents,

4    items or communications for which protection is not warranted are not swept

5    unjustifiably within the ambit of this Order.

6        Mass, indiscriminate or routinized designations are prohibited.  Designations

7    that are shown to be clearly unjustified or that have been made for an improper

8    purpose (e.g., to unnecessarily encumber the case  development process or to

9    impose unnecessary expenses and burdens on other parties) may expose the

10    Designating Party to sanctions.

11        If it comes to a Designating Party's attention that information or items

12    that it designated for protection do not qualify for protection, that Designating

13    Party must promptly notify all other Parties that it is withdrawing the inapplicable

14    designation.

15        **7.2    Manner and Timing of Designation**

16        Except as otherwise provided in this Order, or as otherwise stipulated or

17    ordered, Disclosure of Discovery Material that qualifies for protection under this

18    Order must be clearly so designated before the material is disclosed or produced.

19        Designation in conformity with this Order requires:

20        (a) for information in documentary form (e.g., paper or electronic

21    documents, but excluding transcripts of depositions or other pretrial or trial

22    proceedings), that the Producing Party affix at a minimum, the legend

23    "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

24    contains protected material. If only a portion of the material on a page qualifies for

25    protection, the Producing Party also must clearly identify the protected portion(s)

26    (e.g., by making appropriate markings in the margins).

27        A Party or Non-Party that makes original documents available for

28

Greenan,
Peffer,
Sallander &
Lally LLP

STIPULATION AND                        Case No.: 2:24-cv-04486 DDP (SSC)
[~~PROPOSED~~] PROTECTIVE ORDER

1    inspection need not designate them for protection until after the inspecting Party

2    has indicated which documents it would like copied and produced.

3    During the inspection and before the designation, all of the material made available

4    for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

5    identified the documents it wants copied and produced,

6    the Producing Party must determine which documents, or portions thereof,

7    qualify for protection under this Order. Then, before producing the specified

8    documents, the Producing Party must affix the "CONFIDENTIAL legend" to

9    each page that contains Protected Material. If only a portion of the material on

10   a page qualifies for protection, the Producing Party also must clearly identify the

11   protected portion(s) (e.g., by making appropriate markings in the margins).

12        (b) for testimony given in depositions that the Designating Party identifies

13   the Disclosure or Discovery Material on the record, before the close of the

14   deposition all protected testimony.

15        (c) for information produced in some form other than documentary and for

16   any other tangible items, that the Producing Party affix in a prominent place on the

17   exterior of the container or containers in which the information is stored the legend

18   "CONFIDENTIAL." If only a portion or portions of the information warrants

19   protection, the Producing Party, to the extent practicable, shall identify the

20   protected portion(s).

21        **7.3 Inadvertent Failure to Designate**

22        If timely corrected, an inadvertent failure to designate qualified information

23   or items does not, standing alone, waive the Designating Party's right to secure

24   protection under this Order for such material. Upon timely correction of a

25   designation, the Receiving Party must make reasonable efforts to assure that the

26   material is treated in accordance with the provisions of this Order.

27   / / /

28

Greenan,
Peffer,
Sallander &
Lally LLP

8

STIPULATION AND                                    Case No.: 2:24-cv-04486 DDP (SSC)
[PROPOSED] PROTECTIVE ORDER

## VIII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 8.1     Timing of Challenges

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### 8.2     Meet and Confer

The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

### 8.3     Joint Stipulation

Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

### 8.4     Burdens and Sanctions

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## IX.    ACCESS TO AND USE OF PROTECTED MATERIAL

### 9.1     Basic Principals

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Greenan,
Peffer,
Sallander &
Lally LLP

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER

Case No.: 2:24-cv-04486 DDP (SSC)

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**9.2    Disclosure of "CONFIDENTIAL" Information or Items**

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the

Greenan,
Peffer,
Sallander &
Lally LLP

STIPULATION AND
[~~PROPOSED~~] PROTECTIVE ORDER

Case No.: 2:24-cv-04486 DDP (SSC)

1 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

2 agreed by the Designating Party or ordered by the court. Pages of transcribed

3 deposition testimony or exhibits to depositions that reveal Protected Material may

4 be separately bound by the court reporter and may not be disclosed to anyone

5 except as permitted under this Stipulated Protective Order; and

6      (i) any mediators or settlement officers and their supporting personnel,

7 mutually agreed upon by any of the parties engaged in settlement discussions.

8 **X.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

9            **PRODUCED IN OTHER LITIGATION**

10     If a Party is served with a subpoena or a court order issued in other litigation

11 that compels disclosure of any information or items designated in this Action as

12 "CONFIDENTIAL," that Party must:

13     (a) promptly notify in writing the Designating Party. Such notification

14 shall include a copy of the subpoena or court order;

15     (b) promptly notify in writing the party who caused the subpoena or

16 order to issue in the other litigation that some or all of the material covered by the

17 subpoena or order is subject to this Protective Order. Such notification shall

18 include a copy of this Stipulated Protective Order; and

19     (c) cooperate with respect to all reasonable procedures sought to be

20 pursued by the Designating Party whose Protected Material may be affected.  If

21 the Designating Party timely seeks a protective order, the Party served with the

22 subpoena or court order shall not produce any information designated in this action

23 as "CONFIDENTIAL" before a determination by the court from which the

24 subpoena or order issued, unless the Party has obtained the Designating Party's

25 permission. The Designating Party shall bear the burden and expense of seeking

26 protection in that court of its confidential material and nothing in these provisions

27

28

Greenan,
Peffer,
Sallander &
Lally LLP

11

STIPULATION AND
[~~PROPOSED~~] PROTECTIVE ORDER

Case No.: 2:24-cv-04486 DDP (SSC)

1   should be construed as authorizing or encouraging a Receiving Party in this Action

2   to disobey a lawful directive from another court.

3   **XI.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
**PRODUCED IN THIS LITIGATION**

4

5   (a) The terms of this Order are applicable to information produced by a Non-

6   Party in this Action and designated as "CONFIDENTIAL." Such information

7   produced by Non-Parties in connection with this litigation is protected by the

8   remedies and relief provided by this Order. Nothing in these provisions should be

9   construed as prohibiting a Non-Party from seeking additional protections.

10   (b) In the event that a Party is required, by a valid discovery request, to

11   produce a Non-Party's confidential information in its possession, and the Party is

12   subject to an agreement with the Non-Party not to produce the Non-Party's

13   confidential information, then the Party shall:

14   (1) promptly notify in writing the Requesting Party and the Non-Party

15   That some or all of the information requested is subject to a confidentiality

16   agreement with a Non-Party;

17   (2) promptly provide the Non-Party with a copy of the Stipulated

18   Protective Order in this Action, the relevant discovery request(s), and a reasonably

19   specific description of the information requested; and

20   (3) make the information requested available for inspection by the

21   Non-Party, if requested.

22   (c) If the Non-Party fails to seek a protective order from this court within 14

23   days of receiving the notice and accompanying information, the Receiving Party

24   may produce the Non-Party's confidential information responsive to the discovery

25   request. If the Non-Party timely seeks a protective order, the Receiving Party shall

26   not produce any information in its possession or control that is subject to the

27   confidentiality agreement with the Non-Party before a determination by the court.

28

Greenan,
Peffer,
Sallander &
Lally LLP

12

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER

Case No.: 2:24-cv-04486 DDP (SSC)

1    Absent a court order to the contrary, the Non-Party shall bear the burden and

2    expense of seeking protection in this court of its Protected Material.

3    ## XII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4         If a Receiving Party learns that, by inadvertence or otherwise, it has

5    disclosed Protected Material to any person or in any circumstance not authorized

6    under this Stipulated Protective Order, the Receiving Party must immediately (a)

7    notify in writing the Designating Party of the unauthorized disclosures, (b) use its

8    best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

9    the person or persons to whom unauthorized disclosures were made of all the terms

10   of this Order, and (d) request such person or persons to execute the

11   "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

12   ## XIII.  INADVERTENT PRODUCTION OF PRIVILEGED OR
         OTHERWISE PROTECTED MATERIAL
13

14        When a Producing Party gives notice to Receiving Parties that certain

15   inadvertently produced material is subject to a claim of privilege or other

16   protection, the obligations of the Receiving Parties are those set forth in Federal

17   Rule of Civil\ Procedure 26(b)(5)(B). This provision is not intended to modify

18   whatever procedure may be established in an e-discovery order that provides for

19   production without prior privilege review. Pursuant to Federal Rule of Evidence

20   502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

21   of a communication or information covered by the attorney-client privilege or

22   work product protection, the parties may incorporate their agreement in the

23   stipulated protective order submitted to the court.

24   ## XIV.  MISCELLANEOUS

25        **14.1   Right to Further Relief**

26        Nothing in this Order abridges the right of any person to seek its

27   modification by the Court in the future.

28

Greenan,
Peffer,
Sallander &
Lally LLP

13

STIPULATION AND                                      Case No.: 2:24-cv-04486 DDP (SSC)
[PROPOSED] PROTECTIVE ORDER

### 14.2   Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### 14.3   Filing Protected Material

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

### XV.   FINAL DISPOSITION

If a After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Counsel is not required to return or shred any portion of their files, but to the extent their files include material subject to this Protective Order, Counsel is obligated to continue to comply with the terms of this Protective Order.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, email, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or

Greenan,
Peffer,
Sallander &
Lally LLP

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER

Case No.: 2:24-cv-04486 DDP (SSC)

1 constitute Protected Material remain subject to this Protective Order as set forth in

2 Section 6 (DURATION).

3 / / /

4 / / /

5 / / /

6 / / /

7 / / /

8 / / /

9 / / /

10 / / /

11 / / /

12 / / /

13 / / /

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28

Greenan,
Peffer,
Sallander &
Lally LLP

15

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER

Case No.: 2:24-cv-04486 DDP (SSC)

**XVI. VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED.

Dated:  August 8, 2024        GREENAN, PEFFER, SALLANDER & LALLY, LLP


By: _____/S/_____
                              Chip Cox
                              Counsel for Defendant
                              Atlantic Specialty Insurance Company


Dated:  August 8, 2024        BROWER LAW GROUP, APC


By: _____/S/_____
                              Steven Brower
                              Counsel for Plaintiff
                              Salem Media Group, Inc.


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: August 12, 2024


By: _____
                              Hon. Stephanie S. Christensen
                              U.S. Magistrate Judge

Greenan,
Peffer,
Sallander &
Lally LLP

STIPULATION AND                          Case No.: 2:24-cv-04486 DDP (SSC)
[PROPOSED] PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Salem Media group, Inc. v. Atlantic Specialty Ins. Co.,* Case No. 2:24-cv-04486-JLS-SSCx.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____

STIPULATION AND
[~~PROPOSED~~] PROTECTIVE ORDER

Case No.: 2:24-cv-04486 DDP (SSC)

Greenan,
Peffer,
Sallander &
Lally LLP